IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| TIMOTHY WAYNE CARTER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:04-CV-0323 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
### AS TIME BARRED UNDER 28 U.S.C. § 2244(d)

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TIMOTHY WAYNE CARTER on November 21, 2004.[1] By his habeas application, petitioner appears to be challenging a 1989 conviction for the offense of robbery out of the 320th Judicial District Court of Potter County, Texas, and the subsequent 1990 revocation of a deferred adjudication related thereto.

Respondent filed his response on April 4, 2005 wherein he fully and accurately briefed the issue of limitations. Respondent is correct in his conclusion that the petitioner's habeas application is time barred. Therefore, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court). Although the petition is not dated, petitioner submitted a letter along with his petition and dated such letter November 21, 2004. Construing the petition liberally, the Court presumes this date to be the date petitioner submitted his application to prison officials.

as time barred.

## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner TIMOTHY WAYNE CARTER be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of April 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).